

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00018-CV

IN THE INTEREST OF L.M., A CHILD

On Appeal from the County Court at Law
Panola County, Texas
Trial Court No. 2018-006

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

On October 14, 2019, the Department of Family and Protective Services filed a petition to modify the trial court's prior order[1] that denied the Department's prior petition to terminate Mother's and Father's parental rights to their children, L.M. and K.M.[2] After a final hearing, the trial court terminated Mother's parental rights to L.M.[3] under statutory grounds (D), (E), (O), and (P) of the Texas Family Code[4] and terminated Father's parental rights under statutory grounds (C) and (E) of the Texas Family Code.[5] The trial court also found that termination of Mother's and Father's parental rights was in the best interest of L.M. *See* TEX. FAM. CODE ANN. § 161.001(b)(2).

Mother and Father both appeal. Mother's attorney has filed an *Anders* brief with this Court arguing that there are no non-frivolous issues that can be raised on appeal. *See Anders v. California*, 386 U.S. 738, 743–44 (1967). Father, however, argues that the trial court erred when the trial court failed to admonish him of his right to be represented by counsel and failed to appoint him counsel even though he was indigent.[6]

---

[1]The prior order appointed the Department the permanent managing conservator of the children and appointed Mother possessory conservator.

[2]To protect the identities of the children, we refer to them by their initials and to their parents as "Mother" and "Father." *See* TEX. R. APP. P. 9.8(b).

[3]K.M. was eighteen years old at the time the final order on the motion to modify was entered.

[4]*See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O), (P).

[5]*See* TEX. FAM. CODE ANN. § 161.001(b)(1)(C), (E).

[6]On appeal, Father also challenges the factual and legal sufficiency of the evidence supporting the trial court's statutory grounds and best-interest findings. Because his due process complaint is dispositive of this appeal, we do not need to address these issues. *See* TEX. R. APP. P. 47.1.

Because we agree that there are no meritorious grounds for reversal of the trial court's order terminating Mother's parental rights to her children, we affirm the trial court's order terminating Mother's parental rights. However, because we find that the trial court erred when it failed to admonish Father of his right to counsel as required by Section 107.013(a-1) of the Texas Family Code, we reverse the trial court's order terminating Father's parental rights and remand the case to the trial court for a new trial.

## I. No Meritorious Grounds for Reversal of the Termination of Mother's Parental Rights

Mother's court-appointed appellate counsel has filed a motion to withdraw and a brief discussing the applicable law and evaluating the entire record in this case. Counsel states that she has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Meeting the requirements of *Anders*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders*, 386 U.S. at 743–44; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *see In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental-rights termination cases).

On April 22, 2022, counsel mailed to Mother copies of the brief and the motion to withdraw. Mother was informed of her rights to review the record and file a pro se response. On May 24, this Court granted Mother's pro se motion for access to the appellate record and forwarded a copy of the appellate record to Mother. By that same letter, this Court informed Mother that any pro se response was due on or before June 23. On June 29, this Court further

3

informed Mother that the case would be set for submission on the briefs on July 20. We received neither a pro se response from Mother nor a motion requesting an extension of time in which to file such a response.

We have determined that Mother's appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal by Mother.[7] *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Even so, we deny Mother's counsel's motion to withdraw. *See In re P.M.*, 520 S.W.3d at 27 (noting that, in parental-rights termination cases, court-appointed counsel's duty to her client generally extends "through the exhaustion of appeals," "including the filing of a petition for review" in the Texas Supreme Court). If Mother desires to pursue this matter in the Texas Supreme Court, counsel may fulfill her duty "by filing a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 28.

## II.     The Trial Court Failed to Admonish Father of His Right to Counsel

On appeal, Father contends that the trial court erred when it denied him his right to counsel in violation of his constitutional rights. He argues that the trial court erred both when it failed to admonish him of his right to be represented by counsel and when it failed to appoint him counsel even though he was indigent. The Department does not dispute that Father was indigent and agrees that Father's constitutional rights were violated by being denied appointed counsel. Because we agree that the trial court erred when it failed to admonish him of his right

---

[7]Our review determined, *inter alia*, that legally and factually sufficient evidence supported the trial court's best-interest finding and its termination of Mother's parental rights under statutory ground (E).

4

to counsel, we reverse the trial court's termination of Father's parental rights and remand Father's case for a new trial.

"The natural right existing between parents and their children is of constitutional dimensions." *In re L.E.S.*, 471 S.W.3d 915, 919 (Tex. App.—Texarkana 2015, no pet.) (quoting *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985)). "Indeed, parents have a fundamental right to make decisions concerning 'the care, custody, and control of their children.'" *Id.* (quoting *Troxel v. Granville*, 530 U.S. 57, 65 (2000)). For that reason, "the termination of parental rights implicates fundamental interests." *Id.* (quoting *In re A.B.*, 437 S.W.3d 498, 502 (Tex. 2014)).

The Texas Supreme Court has recognized that, when the Department seeks termination of parental rights, "[p]arents face a complex and nuanced family-law system that is challenging to navigate without the guidance of counsel." *In re B.C.*, 592 S.W.3d 133, 137 (Tex. 2019) (per curiam). "Considering the importance of the fundamental rights at issue, the Legislature has adopted important safeguards in [the Family Code] to help ensure parents will not be deprived of their parental rights without due process of law." *Id.* These safeguards include a "statutory framework [that] mandates that courts repeatedly inform unrepresented parents about their statutory rights so they will have an adequate opportunity to understand and invoke those rights." *Id.*; *see* TEX. FAM. CODE ANN. §§ 107.013, 263.0061, § 262.201 (Supp.).

In any suit filed by a governmental entity that seeks the termination of parental rights, Section 107.013 grants indigent parents the right to appointed counsel by requiring the court to appoint an attorney for "an indigent parent of the child who responds in opposition to the termination." TEX. FAM. CODE ANN. § 107.013(a)(1); *In re B.C.*, 592 S.W.3d at 135. In

5

addition, Section 107.013 requires trial courts to admonish any parent "not represented by an attorney at the parent's first appearance in court . . . of: (1) the right to be represented by an attorney; and (2) if the parent is indigent and appears in opposition to the suit, the right to an attorney ad litem appointed by the court." TEX. FAM. CODE ANN. § 107.013(a-1); *In re B.C.*, 592 S.W.3d at 135.

To have an attorney appointed, a parent claiming indigence must first file an affidavit of indigence, and the trial court must make a determination that the parent is in fact indigent. *In re B.C.*, 592 S.W.3d at 136; TEX. FAM. CODE ANN. § 107.013(d). However, the trial court must also inform the parent of the necessity of filing the affidavit of indigence. *In re B.C.*, 592 S.W.3d at 136. Thus, at the parent's first appearance in court, the trial court must admonish the indigent parent of both his right to have appointed counsel and the procedural steps to obtain appointed counsel.[8]

Here, over two years before the final hearing, Father filed his pro se answer opposing termination of his parental rights. In his answer, Father requested the trial court to determine that he was indigent and to appoint an attorney to represent him pursuant to Section 107.013. Although Father was subsequently notified of several permanency hearings before the final hearing, he failed to appear at any of those hearings. Consequently, Father's first appearance in court was at the final hearing.

---

[8]Sections 262.201 and 263.0061 of the Texas Family Code also require that these admonishments be made to indigent parents appearing in opposition to termination at the fourteen-day full adversary hearing, at each status hearing, and at each permanency hearing. TEX. FAM. CODE ANN. §§ 262.201(c), (d), 263.0061(a), (b).

6

When the final hearing began, the trial court asked for announcements, and all parties represented by counsel announced ready. Although no announcement was made for Father, the trial court made no inquiry to find out if Father was present. Nevertheless, when the trial began, Father was called as the Department's first witness.

Even though Father was making his first appearance in court, was unrepresented by counsel, had made a claim of indigence, and testified as the Department's first witness, the trial court never admonished him of his right to counsel, of his right to appointed counsel if he was indigent, or of the necessity to file an affidavit of indigence in order to obtain appointed counsel. As a result, Father was deprived of the opportunity to understand and invoke those rights. *See id.* at 137. Because the trial court failed to admonish Father of his right to appointed counsel and of the procedure necessary to obtain such counsel, as required by Section 107.013, the trial court deprived Father of his parental rights without due process of law. *See id.*[9] Therefore, we find that the trial court erred.

As a result of the trial court's failure to properly admonish Father, he was unrepresented at trial, where his parental rights to L.M. were terminated. Since it is undisputed that Father was indigent,[10] the trial court's failure to comply with Section 107.013 was not harmless, and reversal is required. *See id.*

---

[9]In *In re B.C.*, the trial court clearly admonished Mother of her right to counsel at her first appearance in court. *In re B.C.*, 592 S.W.3d at 137. Nevertheless, because the trial court failed to admonish her of her right to counsel and the right to appointed counsel at subsequent hearings at which she was present, as required by Section 263.0061, the Supreme Court found that the trial court had reversibly erred. *Id.*

[10]As noted earlier, the Department does not dispute that Father was indigent. We also note that five days after the final hearing, an affidavit of indigence, with a finding that Father was indigent, was filed. In addition, in its

7

## III.    Conclusion

We affirm the trial court's order terminating Mother's parental rights to L.M.  However, we reverse the trial court's order terminating Father's parental rights to L.M. and remand this case to the trial court for a new trial.

Scott E. Stevens
Justice

Date Submitted:     July 20, 2022
Date Decided:       July 22, 2022

---

termination order, entered seven weeks after the hearing, the trial court found that Father had filed an affidavit of indigence and appointed an attorney ad litem to represent him.